1   Christian S. Molnar (State Bar No. 177665)
    cmolnar@arendsenlaw.com
2   Arendsen Cane Molnar LLP
    315 S. Beverly Drive, Suite 320
3   Beverly Hills, CA  90212
    Telephone: (310) 299-8630
4   Facsimile: (310) 820-9926

5   *Attorney for Defendants*
    PETER J. GURK and
6   WILFRED MAMUYA

7   Carol Burney Lewis (State Bar No. 130188)
    clewis@vbhlaw.com
8   Von Behren & Hunter LLP
    2041 Rosecrans Avenue, Suite 367
9   El Segundo, CA 90245
    Telephone: (310) 607-9236
10  Facsimile: (310) 615-3006

11  *Attorney for Defendants*
    ROBERT D. HOOVER, JR. and
12  STACEY V. BRENNAN

13

14          **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**

15  FRED BURBANK,                        Case No.:  8:18-cv-00180

                          Plaintiff,     ***EX PARTE* APPLICATION FOR AN**
16  v.                                   **EXTENSION OF TIME TO**
                                         **RESPOND TO THE COMPLAINT**
17  ALEX AZAR, Secretary of the U.S.
    Department of Health and Human
18  Services; SEEMA VERMA, Administrator
    of the Centers for Medicare & Medicaid
19  Services; DEMETRIOS KOUZOUKAS,
    Principal Deputy of the Centers for
20  Medicare & Medicaid Services;
    LAURENCE WILSON, Director of
21  Chronic Care Policy Group of the Centers

                          1

1  for Medicare & Medicaid Services;
   PETER J. GURK, MD, Medical Director,
2  DME MAC, Jurisdiction D; ROBERT D.
   HOOVER, JR., MD, MPH, FACP,
3  Medical Director, DME MAC, Jurisdiction
   C; STACEY V. BRENNAN, MD, FAAFP,
4  Medical Director DME MAC, Jurisdiction
   B; WILFRED MAMUYA, MD, PHD,
5  Medical Director, DME MAC, Jurisdiction
   A,
6
7                                  Defendants.

8          Defendants PETER J. GURK, ROBERT D. HOOVER, STACEY V. BRENNAN,

9  and WILFRED MAMUYA (collectively, the "Medical Directors") respectfully apply *ex*

10 *parte* to this Court for an order extending the time to file and serve their responses to the

11 Complaint at such time as the response on behalf of the United States is, or will be, due

12 such that the Medical Directors' responses will be due at the same time as the response of

13 defendants ALEX AZAR, Secretary of the Department of Health and Human Services

14 ("HHS"), and SEEMA VERMA, Administrator of the Centers for Medicare & Medicaid

15 Services ("CMS") (collectively, the "United States").  CMS is an agency of HHS.

16         Good cause exists to grant the relief requested as follows:

17         1.      This is the Medical Directors' first request for an extension of this deadline.

18         2.      The summons and Complaint were served on Defendant Brennan on March

19 7, 2018.  The summons and Complaint were served on Defendant Mamuya on March 8,

20 2018.  The summons and Complaint were served on Defendant Hoover on March 10,

21 2018.  The summons, but not the Complaint, was served on Defendant Gurk on February

                                          2

1   13, 2018.  The summonses state that the recipient must respond to the Complaint within

2   21 days after service of the summons (which would be March 28 for Dr. Brennan, March

3   29 for Dr. Mamuya, and April 2 for Dr. Hoover) or, if the recipient is an officer or

4   employee of the United States, within 60 days after service of the summons.

5        3.    Defendants Gurk and Mamuya are employed as Medical Directors of

6   Noridian Healthcare Solutions, LLC ("Noridian").  (Bucher Decl. ¶ 4.)  Defendants

7   Hoover and Brennan are employed as Medical Directors of CGS Administrators, LLC

8   ("CGS").   (Walker Decl. ¶ 4.)   Noridian and CGS are Medicare administrative

9   contractors ("MACs").   Federal law authorizes CMS to contract with MACs to

10  administer the Medicare program on behalf of CMS.  *See, e.g.*, 42 U.S.C. §§ 1395u(a)

11  ("The administration of [Medicare Part B] shall be conducted through contracts with

12  Medicare administrative contractors under section 1395kk-1 of this title."), 1395kk-1.

13       4.    All of the actions allegedly taken by the Medical Directors in connection

14  with this lawsuit were performed solely in their capacity as MAC Medical Directors, as

15  authorized and directed by CMS regulation.

16       5.    In compliance with their MAC contracts with CMS, Noridian and CGS have

17  tendered the defense of their Medical Directors to CMS and requested legal

18  representation for the doctors through the Department of Justice.  (Bucher Decl. ¶ 6;

19  Walker Decl. ¶ 6.)  They reasonably anticipate that their requests will be granted because

20  this action is substantially similar to other actions filed by Medicare providers and

21  suppliers in which the United States has defended and represented Noridian and CGS and

1    their employees.  (Bucher Decl. ¶ 6 (citing cases); Walker Decl. ¶ 6 (citing cases).)  The

2    requested extension should provide the additional time necessary for the United States to

3    process and approve Noridian's and CGS's requests for legal representation.

4         6.     Furthermore, in lawsuits against MACs and their employees acting in their

5    official  capacities  as  government  contractors,  the  United  States  is  the  real  party-in-

6    interest, 42 C.F.R. § 421.5(b), and MACs and their employees are immune from suit

7    under  both  statutory  and  common  law.   Requiring  the  Medical  Directors  to  respond

8    before the United States would put them in the difficult position of having to raise issues

9    of subject matter jurisdiction and Plaintiff's failure to exhaust administrative remedies

10   before the United States must do so itself.  For this reason, the Medical Directors ask that

11   they  be  granted  the  same  response  date  as  the  United  States,  and  that  it  include  any

12   extensions the United States might later receive to its 60-day response time under Federal

13   Rule of Civil Procedure 12(a)(2).

14        7.     Last,  the  Federal  Rules  of  Civil  Procedure  also  grant  employees  of  the

15   United States sued in their official or individual capacity 60 days to answer or otherwise

16   respond  to  a  complaint  after  service.   *See* Fed. R. Civ. P. 12(a)(2)-(3).   Under  HHS

17   regulations, employees of MACs are deemed to be government employees.  45 C.F.R. §

18   2.2.  That definition of "government employee," which includes employees of MACs,

19   should  be  extended  to  this  context  as  well,  and  the  Medical  Directors  should  be  afforded

20   60 days to respond to the Complaint.

21

4

1         8.    Pursuant to Local Rule 7-19, Plaintiff's name, address, phone number, and

2    email address are as follows:

3         Fred Burbank

4         24040 Camino de Avion A326

5         Dana Point, CA 92629

6         (949) 496-0026

7         fred@burbankranch.com

8         9.    Counsel for the Medical Directors have corresponded five times with

9    Plaintiff regarding their request for additional time to respond to the Complaint.  Plaintiff

10   has consistently maintained that he opposes any extension.  Most recently, on March 26,

11   2018, and pursuant to Local Rule 7-19.1, counsel for Defendants Hoover and Brennan

12   telephoned Plaintiff to provide notice of this Application and the nature of the relief

13   sought herein.  (Walker Decl. ¶¶ 11-12.)  Counsel for Defendants Gurk and Mamuya also

14   emailed Plaintiff that day to provide written notice of this Application.  (Bucher Decl. ¶

15   11.)  In a reply email Plaintiff sent to both counsel on March 26, Plaintiff acknowledged

16   receipt of the notice of the intended filing of this Application.  (Walker Decl. ¶ 13;

17   Bucher Decl. ¶ 12.)

18        This application is brought pursuant to Local Rule 7-19 and will be based upon this

19   Application, the attached Memorandum of Points and Authorities, the attached

20   Declarations of Kathryn Bucher and Kendall Walker, the complete files and records of

21

this action, and on such oral and documentary evidence as may be presented at a hearing, on the application.

In so moving, the Medical Directors reserve all rights, including the right to object to insufficient service of process and the jurisdiction of this Court.


DATED: March 27, 2018                    By: /s/ Christian S. Molnar

                                         Christian S. Molnar
                                         Arendsen Cane Molnar LLP
                                         315 S. Beverly Drive, Suite 320
                                         Beverly Hills, CA  90212
                                         *Attorney for Defendants Peter J. Gurk*
                                         *and Wilfred Mamuya*


                                         By: /s/ Carol Burney Lewis

                                         Carol Burney Lewis
                                         Von Behren & Hunter LLP
                                         2041 Rosecrans Avenue, Suite 367
                                         El Segundo, CA 90245
                                         *Attorney for Defendants Robert D. Hoover, Jr.*
                                         *and Stacey V. Brennan*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF *EX PARTE* APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

## I. INTRODUCTION AND STATEMENT OF THE FACTS

Defendants PETER J. GURK, ROBERT D. HOOVER, STACEY V. BRENNAN, and WILFRED MAMUYA (collectively, the "Medical Directors") respectfully submit this memorandum in support of their *Ex Parte* Application to this Court for an order extending the time to file and serve their responses to the Complaint. More specifically, they request permission to file their responses at the same time the Defendant Secretary of the Department of Health and Human Services ("HHS") and the Defendant Administrator of the Centers for Medicare & Medicaid Services ("CMS"), an agency of HHS, (collectively, the "United States") file their responses. Plaintiff has not agreed to this extension.

Plaintiff filed this action *pro se* against the United States and the Medical Directors, among others, in connection with the Medicare program's exclusion of Relaxis®, a neurological device manufactured by Sensory NeuroStimulation Inc. ("Sensory"), from Medicare coverage. (Compl. 5:3-5, 5:21-26.) Plaintiff alleges he is the CEO, president, stockholder, and chairman of the board of directors of Sensory and the inventor of Relaxis®. (*Id.* 5:3-4, 8:8.)

The Medical Directors are employed by Medicare administrative contractors ("MACs"). Defendants Gurk and Mamuya are employed by Noridian Healthcare Solutions, LLC ("Noridian"). (Bucher Decl. ¶ 4.) Defendants Hoover and Brennan are

1

employed by CGS Administrators, LLC ("CGS").  (Walker Decl. ¶ 4.)   As MACs, Noridian and CGS administer that part of the Medicare program that adjudicates and pays Durable Medical Equipment ("DME") claims.  (Bucher Decl. ¶ 4.)

In his Complaint, Plaintiff asserts that "private companies working under CMS contract and commonly referred to as DME MACs, internally circulated a ruling that explicitly excluded a newly FDA-cleared, Class II, prescription-only, neurological device (Relaxis®) from Medicare insurance coverage."  (Compl. 5:22-24).  Plaintiff asserts six counts for relief: (1) CMS's rulemaking is "inconsistent with the Social Security Amendment Act (1965);" (2) CMS's rulemaking is "inconsistent with common medical understanding of what constitutes Medical Treatment;" (3) "procedures used" by the DME MACs, HHS, and CMS were inconsistent with the Administrative Procedure Act; (4) Defendant Wilson "has introduced judgments reserved to practicing physicians;" (5) Defendant Wilson's "Formal [Benefit Category Determination] ruling . . . is arbitrary and capricious and contrary to law;" and (6) the Plaintiff's due process rights were violated because "Sensory" was not provided a notice or opportunity to be heard.  (*Id.* 41:9 – 45:10.)  All of the actions complained of in this suit, to the extent directed at the Medical Directors, which remains unclear, are alleged to have been performed in connection with the Medical Directors' roles as Medical Directors of MACs.

Several weeks ago, in compliance with their MAC agreements with CMS, Noridian and CGS tendered their defense of this lawsuit to the United States and requested that the U.S. Department of Justice represent their Medical Directors in this

1   action.  (Bucher Decl. ¶ 6; Walker Decl. ¶ 6.)  In the process of requesting representation,

2   counsel for Defendants Gurk and Mamuya spoke with Linda Keyser, an attorney within

3   the HHS Office of General Counsel.  (Bucher Decl. ¶ 7.)  To the best of counsel's

4   knowledge, Ms. Keyser will be assisting the United States Attorney's Office on this case,

5   which has not yet filed an appearance.  (*Id.*)

6         The United States has not yet responded to Noridian's and CGS's requests, but

7   because this action is substantially similar to prior actions in which the United States has

8   defended and represented Noridian and CGS against Medicare providers and supplies, the

9   MACs reasonably anticipate that their Medical Directors will be represented in this action

10  by the attorneys who will represent the United States.  *See, e.g.*, *Tidewater Med., Inc. v.*

11  *Azar, et al.*, No. 2:18-cv-351 (D.S.C. filed Feb. 7, 2018); *Teamcare Infusion Orlando,*

12  *Inc., v. Secretary, Dep't of Health & Human Servs., CGS Administrators, LLC, et al.*, No.

13  6:16-cv-370 (M.D. Fla. filed March 3, 2016); *Seasons Hospice, Inc., v. Burwell, CGS*

14  *Administrators, LLC, et al.*, No. 6:16-cv-3390 (W.D. Mo. filed Sept. 23, 2016); *Odell,*

15  *Jr., et al. v. Hargan, et al.*, No. 2:15-cv-1793 (D. Nev. filed Nov. 18, 2015); *Walkwell*

16  *Int'l Labs., Inc. v. Noridian Admin. Servs., LLC*, No. 1:13-cv-199, 2014 WL 174948 (D.

17  Idaho 2014).   The requested extension of time should provide the additional time

18  necessary for the United States to process and approve Noridian's and CGS's requests for

19  legal representation.

20

21

Despite their several requests of Plaintiff, he has refused to grant the Medical Directors the same time to respond to the Complaint as the United States, thus necessitating the instant relief.

## II. GOOD CAUSE EXISTS TO GRANT THE MEDICAL DIRECTORS' APPLICATION.

As set forth below, good cause exists to grant this application:

1.     This is the Medical Directors' first request for an extension of this deadline.

2.     MACs and their employees are typically provided legal representation by the U.S. Department of Justice, pursuant to their government contracts with CMS, when the suit allegedly arises over actions taken at least in part by MACs and their employees in performance of their MAC contracts.  The process of securing government representation is a bureaucratic one, and representation is seldom secured before the time permitted under the federal rules to respond to a complaint.   Here, the Medical Directors' employers timely initiated the process to secure representation by the United States, but their requests continue to wend through HHS and the Department of Justice.

3.     In lawsuits against MACs and their employees acting in their official capacities, CMS is the real party-in-interest.  By regulation, CMS is the real party in interest "in any litigation involving the administration of the [Medicare] program." 42 C.F.R. § 421.5(b); *see Lewis v. Clarke*, 137 S. Ct. 1285, 1293 (2017) (citing 42 C.F.R. § 421.5(b) and noting that Medicare contractors are "essentially state instrumentalities"). Furthermore, MACs and their employees are immune from suit under both common law

4

1   and statute.  *See, e.g.*, *Walkwell Int'l Labs., Inc. v. Noridian Admin. Servs., LLC*, No.

2   1:13-cv-199, 2014 WL 174948, at *7-10 (D. Idaho 2014).   Requiring the Medical

3   Directors to respond before the United States must answer makes little sense; it would put

4   the Medical Directors in the difficult position of having to reply to allegations that

5   Defendants violated federal law before the United States must do itself.   Furthermore,

6   there appear to be many procedural infirmities in this case, including jurisdictional, and it

7   would be more efficient for the Court to address them at one time, when all Defendants

8   can contribute to the discussion.

9        4.        Federal Rule of Civil Procedure 12(a)(2) grants employees of the United

10  States sued in their official capacity 60 days to answer or otherwise respond to a

11  complaint after service.   Thus, Defendant Kouzoukas and Defendant Wilson, sued by

12  Plaintiff in their official capacities at CMS, will have 60 days to respond to the

13  Complaint.  Under HHS regulations, employees of MACs are deemed to be government

14  employees.   45 C.F.R. § 2.2 (defining "Employee of the Department [of HHS]" to

15  include "[e]mployees of . . . Medicare Administrative Contractors").   The Court should

16  grant the Medical Directors the same time to respond to the Complaint as CMS's

17  individual employees, including any additional time they may be granted.

18       5.        Counsel for the Medical Directors contacted Plaintiff by email on March 20,

19  2018, and again on March 23, 2018, seeking voluntary dismissal of the Medical Directors

20  due to their well-recognized immunity from suit or, alternatively, an extension of the time

21  for the Medical Directors to respond to the Complaint.   (Bucher Decl. ¶¶ 8-9.)   Plaintiff

responded on March 24, 2018 by email that he "[did] not agree with any of the proposals offered" by counsel for the Medical Directors.  (Bucher Decl. ¶ 9.)

6.      Pursuant to Local Rule 7-19, on March 26, 2018, counsel for the Medical Directors contacted Plaintiff, by email and by phone, to advise of their intent to file this *Ex Part*e Application for an extension of time to respond to the Complaint.   (Bucher Decl. ¶ 10; Walker Decl. ¶¶ 11-12.)  Plaintiff responded later that day to counsel that he had received the voicemail from Mr. Walker, acknowledging that the Medical Directors would be filing this *Ex Part*e Application.  (Bucher Decl. ¶ 11; Walker Decl. ¶ 13).  Also on March 26, counsel for Defendants Gurk and Mamuya left a voicemail for Linda Keyser, counsel within the HHS Office of General Counsel, apprising her of this filing. (Bucher Decl. ¶ 13).

## III.  CONCLUSION

For all the foregoing reasons, the Medical Directors respectfully request that this Court grant this *Ex Parte* Application for an order extending the time to plead or otherwise respond to the Complaint, thus matching the time given Defendant United States.

///

///

1 | DATED: March 27, 2018                     By: /s/ Christian S. Molnar
                                            Christian S. Molnar
2                                           Arendsen Cane Molnar LLP
                                            12400 Wilshire Boulevard, Suite 1180
3                                           Los Angeles, CA  90025
                                            *Attorney for Defendants Peter J. Gurk*
4                                           *and Wilfred Mamuya*


5                                           By: /s/ Carol Burney Lewis

6                                           Carol Burney Lewis
                                            Von Behren & Hunter LLP
7                                           2041 Rosecrans Avenue, Suite 367
                                            El Segundo, CA 90245
8                                           *Attorney for Defendants Robert D. Hoover, Jr.*
                                            *and Stacey V. Brennan*

7

***Fred Burbank v. Alex Azar et al.***
**Case No. 8:18-cv-00180**
**PROOF OF SERVICE**

I, Christian S. Molnar, declare and state that: I am over 18 and not a party to this action. My business address is 315 S. Beverly Drive, Suite 320, Beverly Hills, CA 90212. I am a member of the bar of this Court.

On March 27, 2018, I served the foregoing document described as ***EX PARTE*** **APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT** on Plaintiff in this action as follows:

Fred Burbank
24040 Camino de Avion A326
Dana Point, CA 92629
FBurbank@cox.net

Pursuant to Local Rule 5-4.1, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

In addition, I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business.

Lastly, I also emailed a copy of the foregoing document to Plaintiff's email address as stated above.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed on March 27, 2018 in Los Angeles, California.

/s/ Christian S. Molnar
Christian S. Molnar

1