FRED BURBANK
24040 Camino del Avion, A326
Dana Point, CA 92629
Telephone: (949) 496-0026
Facsimile: (949) 496-247
Email: FBurbank@cox.net

Plaintiff Pro Se
FRED BURBANK

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

MAR 27 2018

CENTRAL DISTRICT OF CALIFORNIA
BY        MKU        DEPUTY

RECEIVED BUT NOT FILED

MAR 27 2018

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

FRED BURBANK, M.D.
CEO, President, Board Chairman,
and stock holder, Sensory
NeuroStimulation, Inc.

                Plaintiff,

            v

ALEX AZAR, et al.,

                Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: SACV18-00180 CJC (JDEX)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS "EMERGENCY" EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT**

*Ex Parte* filed March 27, 2018

## I. SUMMARY OF ARGUMENT

Defendants Peter Gurk, Robert Hoover, Stacey Brennan, Wilfred Mamuya, "Emergency" Ex Parte Application should be denied for each of the following separate and independent reasons:

- Defendants' are not entitled to an extension of time to respond to Plaintiff's Complaint as they are not a government entity under Fed. R. Civ. P. 12 (a)(2) and (3) which states:

-1-

*"12(a)(2) United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

*12(a)(3) United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later".

- Therefore, Fed. R. Civ. P. 12 (a)(2) and 12(a)(3) do not apply and the Defendants are not entitled by the Federal Rules of Civil Procedure for any additional response time.
- Fed. R. Civ. P. 12 (a)(1)(A)(i) states: "A defendant must serve an answer within 21 days after being served with the summons and complaint."
- Dates of Service of the Summons and Complaint on the Defendants are:
  Peter Gurk 3/10/2018
  Robert Hoover 3/10/2018
  Stacey Brennan 3/7/2018
  Wilfred Mamuya 3/8/2018
- These Defendants are either employees of or contractors for two private companies:
  CGS Administrators LLC, a Celerian Group Company Nashville, TN
  Noridian Health Solutions, Fargo, ND

1        Additionally, from the attached timeline, it is quite clear that the defendants are

2    quite familiar with the issues raised in the Complaint and need no further time to

3    draft a response (See Exhibit "A" attached hereto).

4        Furthermore, notice of the Defendants, *Ex Parte* Application for an extension of

5    time to respond to the Complaint was left on a voicemail to me at 7:30 p.m. PST

6    last night, March 26, 2018 (a copy of said voicemail is attached hereto as Exhibit

7    "B") and a subsequent email sent at 9:36 p.m. PST (a copy of said email is

8    attached hereto as Exhibit "C") was insufficient notice of the Defendants intent to

9    file the *Ex Parte* Application and what's more, I have not received a copy of their

10   *Ex Parte* Application and therefore do not know its contents to sufficiently prepare

11   for my opposition to the Defendants request.

12       WHEREFORE, Plaintiff requests that the Court deny the Defendants request

13   for an extension of time to file a response to the Complaint.

14

15   Dated:  March 27, 2018

16                                    FRED BURBANK, Plaintiff Pro Se

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S OPPOSITION TO DEFENDANTS "EMERGENCY" EX PARTE APPLICATION FOR
AN EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

**EXHIBIT "A"**

| Events | Event Date | CMS Clock Time - Dates are from first Sensory contact with CMS | Interaction with CMS | Rejections | CMS problem |
|---|---|---|---|---|---|
| 1 | December 18, 2013 | MINUS 1 year, 3 months, 20 days from the date of the FIRST CMS contact | Based on the Sensory NeuroStimulation's (Sensory) Relaxis medical device de novo application, the FDA created a new, Class II, prescription medical device category with the Product Code, OVP, Vibratory Counter-Stimulation Device labeled specifically for the treatment of Sleep Loss associated with Restless Legs Syndrdome (RLS) and created the Relaxis(R) (previously Symphony$^{TM}$) device for comercial sale, | | |
| 2 | August 21, 2014 | MINUS 8 months 3 days | DME MAC CGS internally published "Vibration Therapy Devices - Correct Coding" for devices promoted as a treatment for numerous conditions such as arthritis, joint swelling, headache, neuropathic pain, restless legs, etc. (not all-inclusive).  CODE: A9270 Non-Coverec Item or Service (see attached I) | *Preemptive Strike Rejection #1* | No precidence for this in CMS law |
| 3 | September 30, 2014 | MINUS 7 months, 6 days | DME MAC noridian internally published "Vibration Therapy Devices - Correct Coding" for devices promoted as a treatment for numerous conditions such as arthritis, joint swelling, headache, neuropathic pain, restless legs, etc. (not all-inclusive).  CODE: A9270 Non-Coverec Item or Service | *Preemptive Strike Rejection #2* | No precidence for this in CMS law |
| 4 | April 7, 2015 | ZERO DAY = FIRST CMS contact | Sensory NeuroSimulation applied to noridian for a PDAC HCPCS code | | |
| 5 | June 8, 2015 | 2 months, 1 day | noridian rejected request for PDAC HCPCS code using "Correct Coding" A9270 reasoning from August 21, 2014 and September 30, 2014 internal. | Knee Jerk Rejection #3 | |
| 6 | June 24, 2015 | 2 months, 17 days | Sensory NeuroStimulation requested an "informal" benefit category determination (BCD) directly from CMS. | | |
| 7 | November 10, 2015 | 7 months, 3 days | Laurence Wilson "informally" determined the Relaxis device is "not Medicare DME" based upon the same logic as the "Correct Coding" from 8/21/2014 and 9/30/2014 above. He went on to recommend that Sensory return to the Jurisdicton D DME MAC, noridian, and request a local BCD, also know as a reasonable and necessary (R&N) analysis. | Knee Jerk Rejection #4 | |
| 8 | December 16, 2015 | 8 months, 9 days | Laurence Wilson wrote "I wanted to get back to you with contacts at the DME Medicare Administrative Contractors.  Dr. Dick Whitten and Dr. Peter Gurk are medical directors for Noridian and I am advised by our Coverage and Analysis Group that they are the best points of contact to begin a conversation about Medicare coverage [R&N] of the Relaxis system.  Dr. Whitten's phone number is 206-979-5007 and his email is dick.whitten@noridian.com.  Dr. Gurk can be reached at peter.gurk@noridian.com.  I have e-mailed them to alert them to your communication on the matter." | | A clear head-fake designed to waste Sensory time |
| 9 | March 21, 2016 | 11 months, 14 days | Peter Gurk wrote for Wilfred Mamuya (DME MAC, Jurisdiction A), Stacey Brennan (DME MAC,Jurisdiction B), Robert Hoover (DME MAC,Jurisdiction C), and himself DME MAC,(Jurisdiction D) rejected our request for an R&N analysis because the CMS MACs Benefit Category determination concluded that "The Relaxis$^{TM}$ device is appropriately classified as a type of massage therapy device, rendering an analysis [R&N] unnecessary at this time. Therefore the coding for the Relaxis device remains A9270: Non-Covered Ittem of Service."  **NOTE:** on page 2, second to last paragraph of letter: **ADMISSION OF PREEMPTIVE STRIKE REJECTIONs on August 21 2014 and September 30, 2014 by DME MACs!** | Knee Jerk Rejection #5 | |
| 10 | June 16, 2016 | 1year, 2 months, 9 days | Sensory NeuroStimulation delivered request to Tamara Syrek-Jensen for a formal National Coverage Determination (NCD) of the Relaxis device (see attached photo of application materials) | | |
| 11 | September 9, 2016 | 1 year, 5 mnths, 2 days | Tamara Syrek-Jensen wrote "In order for CMS to make a coverage determination there must be a benefit category for the particular item or service.  Without a benefit category, we cannot make a reasonable and necessary determination (i.e., coverage decision). Therefore, because we are not sure if there is a benefit category we referred your NCD request to Laurence Wilson's group who will conduct a formal benefit category determination. | | Tamara Syrek-Johnson can not proceed with NCD without Wilson BCD |
| 12 | November 16, 2016 | 1 year, 7 months, 9 days | Laurence Wilson wrote "In your note below you make an allegation of inappropriate conduct involving CMS employees and contractors.  I wanted to let you know that the Office of the Inspector General (OIG) of the Department of Health and Human Services is the appropriate authority to address such allegations.  If you wish to contact them you can call the OIG Hot Line at 1-800-447-8477.  They can also be contacted through their website at oig.hhs.gov/fraud/report-fraud/. | | Wilson does not like my pointing out improper preemptive strike rejections |
| 13 | March 30, 2017 | 1 year, 11 months, 23 days | Following this above outburst, Laurence Wilson wrote "In summary, national Medicare guidelines indicate that massage cushion pads and massage devices are excluded from coverage because they are considered personal comfort items and are not primarily medical in nature. In addition, regardless of whether these devices meet the durability criteria, they are not primarily and customarily used to serve a medical purpose and are generally useful to a person in the absence of an illness or injury. To change this policy would require a change to the national policy based on evidence that these type of devices as a whole are not personal comfort items and meet all of the criteria for classification as DME. Based on our review, the evidence and information for these devices currently does not support such a change."  In closing, he doubles-down on the prior DME MAC work, stating "Finally, we note that our conclusion is consistent with our prior informal review and the review performed by the medical directors for the Durable Equipment Medicare Administrative Contractors (DME MACs) as explained in their letter to you on March 21,2016." | Knee Jerk Rejection #6 | More jibberish. Same-old, same-old stuff + Plus double-down on content of preemptive strike rejections #1 & #2 |
| 14 | June 2, 2017 | 2 years, 1 month, 26 days | Internal Appeal to Demetrios Kouzoukas, Principal Deputy Administrator CMS | | |

**EXHIBIT "B"**

Phone VM left on my phone from Kendall Walker dated 7:30PM, Monday, March 26, 2018

Kendall Walker

"Doctor Burbank, my name is Kendall Walker. I'm the associate general counselor, or associate general counsel, at Blue Cross Blue Shield of South Carolina. We're the parent company to CGS Administrators. I'm calling you on behalf of our two contractor medical directors, Doctor Stacey Brennan and Doctor Robert Hoover.

Last week, Kathryn Bucher sent you an email requesting your consent for Meridian's medical directors and CGS's medical directors, that is all four of them, to have an extension of time in the lawsuit you've brought against them. Based on your March 24 email, we interpreted that as a refusal. And so, we just want you to know that the Noridian and CGS medical directors will be filing an ex parte application with the court tomorrow, Tuesday, requesting the same response date as the government defendants, including any additional time that later might be granted to the government.

If you change your mind and would be willing to consent to granting us an extension, please respond to Ms. Bucher's March 23 email indicating your consent. I was a CC recipient, so if you would be so kind as to include me, I'd appreciate it.

If you have any questions or want to talk to me about this, my number is 803-264-6632. I'm in Columbia South Carolina and I'm about ready to head out for the evening, but I will be in the office on Tuesday. I apologize for, sort of, the long nature of this, but there were a couple things that I felt like I needed to get onto your voicemail message to tell you about this ex parte application just so that it was clear what we were up to.

Anyway, I'm glad that I wasn't responsible for any auto accident with the crazy California driving and wish you a good evening. Thank you much."

My Notes:

Ex parte matters are usually temporary orders (like a restraining order or temporary custody) pending a formal hearing, or an emergency request for a continuance. *Most jurisdictions require at least a diligent attempt to contact the other party's lawyer of the time and place of any ex parte hearing.*

Ex parte [ex par-tay, but popularly, ex party)] adj. Latin meaning "for one party," referring to motions, hearings or orders granted on the request of and for the benefit of one party only. This is an exception to the basic rule of court procedure that both parties must be present at any argument before a judge, and to the otherwise strict rule that an attorney may not notify a judge without previously notifying the opposition. Ex parte matters are usually temporary orders (like a restraining order or temporary custody) pending a formal hearing or an emergency request for a continuance. *Most jurisdictions require at least a diligent attempt to contact the other party's lawyer of the time and place of any ex parte hearing.*

**EXHIBIT "C"**

Tuesday, March 27, 2018 at 9:24:42 AM Pacific Daylight Time

**Subject:**  RE: Burbank v. HHS/Request for Call
**Date:**  Monday, March 26, 2018 at 9:36:18 PM Pacific Daylight Time
**From:**  Bucher, Kathryn
**To:**  Fred Burbank
**CC:**  Kendall.Walker@bcbssc.com
**Category:** Junk

Dear Dr. Burbank,

In addition to receiving a voice mail from Mr. Walker, you also should have received an email from me about 5:30 p.m. Pacific today, addressing the Medical Directors' *Ex Parte* Application for an extension of time to respond to the Complaint.  It is attached here for your convenience.
In direct reply to your request below, there will not be an automatic hearing on the *Ex Parte* Application, and the Medical Directors will not be requesting one.  There will only be a hearing if the Court determines one is necessary.  In that instance, it is my understanding that the Court will send notice to all parties with the date, time, and place of the hearing.  In my attached email to you, I stated that the Court will notify all counsel of any hearing it sets.  Because you are proceeding without retained counsel, you too should receive the notice from the Court.  Please check the Local Rules to confirm this information.
Thank you,

Kathryn

Kathryn Bucher | Attorney at Law
**Wiley Rein LLP**
1776 K Street NW | Washington, DC 20006
T: 202.719.7530 | M: 703.505.8123 | kbucher@wileyrein.com
www.wileyrein.com | Bio | LinkedIn | Twitter

**From:** Fred Burbank [mailto:fred@burbankranch.com]
**Sent:** Tuesday, March 27, 2018 12:10 AM
**To:** Bucher, Kathryn <KBucher@wileyrein.com>
**Cc:** Kendall.Walker@bcbssc.com
**Subject:** Re: Burbank v. HHS/Request for Call

Mr. Walker and Ms. Bucher,

I am in receipt of Mr. Walker's VM of today (see transcript attached).

Please let me know the time and place of the Ex Parte hearing that you two will be attending and requesting that the court grant your four Defendants the right to respond to the my Complaint as late as the date the government defendants reply.

Fred Burbank, MD
Plaintiff and Attorney, pro se
Civil Action No. SACV18-00180 CJC (JDEX)
Filed 2/1/2018
United States District Court
Central District of California